```
FLORENCE MARTHA BEARDSLEE,    )
                              )
             Petitioner,      )
                              )
      v.                      )
                              )    No. CR-94-0186-DLJ
                              )        C-01-0397-DLJ
                              )
                              )    ORDER
UNITED STATES OF AMERICA,     )
                              )
             Respondent.      )
_____)
```

On May 30, 2008, petitioner Florence Martha Beardslee ("Beardslee") filed a motion to stay debt collection efforts by the United States Department of Justice. On June 20, 2008, the United States filed an opposition. Having considered the papers submitted, the applicable law, and the record in this case, the Court hereby DENIES the motion.

**I. BACKGROUND**

On April 18, 1994, a grand jury indicted Beardslee on counts of conspiracy to commit arson, arson of a structure used in interstate commerce, and mail fraud. On September 13, 1995, the government filed a superseding indictment charging Beardslee with use of fire to commit mail fraud.

On October 30, 1996, a jury convicted Beardslee on all counts. The Court sentenced Beardslee to twenty-seven months incarceration, three years of supervised release, a $50,000 fine, and $237,367.33 in restitution. On appeal, the Ninth Circuit Court of Appeals affirmed the conviction but reversed the sentence imposed and remanded with instructions as to resentencing. On November 28,

2000, the Court resentenced Beardslee as instructed to eighty-seven months imprisonment, three years of supervised release, a $50,000 fine, and $237,367.33 in restitution. Beardslee failed to timely appeal, and her judgment became final.

On January 24, 2001, Beardslee filed a petition for a writ of habeas corpus under 28 U.S.C. § 2255. On January 23, 2006, this Court denied the petition. On February 2, 2006, Beardslee appealed that decision. On September 12, 2008, after a variety of scheduling changes, the Ninth Circuit granted Beardslee an extension of time. Beardslee's opening brief is due October 27, 2008. The government's answering brief is due November 26, 2008.

On May 30, 2008, Beardslee filed the instant motion for a stay of debt collection pending resolution of her appeal. The stimulus for the instant motion was a notice dated March 26, 2008, which Beardslee received from the Department of Justice. See Beardslee's Mot. Ex. A. The notice informed Beardslee that within sixty calendar days of the date of the notice, the government intended to collect the balance due on her restitution judgment through the Treasury Offset Program ("TOP"). Id. The government contends, and Beardslee does not dispute, that Beardslee still owes the entire $50,000 fine, as well as $238,358.40 of the restitution. See Roberts Decl. ¶ 8.

Beardslee asks this Court to stay the fine and restitution portions of her sentence. The government asserts there is no

jurisdiction to impose such a stay.

## II. DISCUSSION

### A. Jurisdiction to Hear the Instant Motion

An initial matter not raised by either party is whether this Court has jurisdiction over the instant motion while Beardslee's appeal is pending. As a general rule, "once a notice of appeal has been filed the district court is divested of jurisdiction over the matters being appealed." United States v. Phelps, 282 F.3d 1176, 1181 n.5 (9th Cir. 2002). This rule is not absolute, however, and is subject to exceptions. Id. The purpose of the rule is to "promote judicial economy and avoid the confusion of having the same issues before two courts simultaneously." Id.

Beardslee appealed this Court's order denying her § 2255 petition. See Beardslee's Notice of Appeal. That ruling dealt with the following claims: (1) ineffective assistance of counsel at trial; (2) lack of jurisdiction for failure to satisfy the interstate commerce requirement in the arson statute; (3) erroneous jury instructions; and (4) denial of due process because of alleged government misconduct at trial. See Order Den. § 2255 Pet. Although a reversal at the Ninth Circuit on any of these claims could impact the fine and restitution judgments, the monetary penalties themselves are not at issue in Beardslee's appeal. More specifically, the question whether to grant a stay of the monetary penalties is not at issue in the appeal. Because the narrow

question presented in the instant motion is not before the Ninth Circuit, there is no danger of "having the same issues before two courts simultaneously." Phelps, 282 F.3d at 1181 n.5. Accordingly, there is no threat to judicial economy, and this Court is not divested of jurisdiction over the instant motion.

**B.  Jurisdiction to Grant a Stay**

In her moving papers, Beardslee fails to identify a jurisdictional basis for granting a stay.  The government argues that no basis exists.  Despite Beardslee's failure to identify a source of authority, and contrary to the government's view, the Court does have jurisdiction to impose a stay.

Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules") provides that the Federal Rules of Criminal Procedure ("FRCP") may be applied to § 2255 proceedings "to the extent that [the FRCP] are not inconsistent with any statutory provisions or these rules." See § 2255 Rule 12.  FRCP 38(c) provides that "if the defendant appeals, the district court . . . may stay a sentence to pay a fine . . . on any terms considered appropriate."  Fed. R. Crim. P. 38(c).  FRCP 38(e) is an equivalent provision regarding sentences imposing restitution.  That rule provides that "if the defendant appeals, the district court . . . may stay -- on any terms considered appropriate -- any sentence providing for restitution under 18 U.S.C. § 3556."  Fed. R. Crim. P. 38(e)(1).

4

The instant matter is a § 2255 proceeding.  Pursuant to § 2255 Rule 12, this Court may apply the FRCP in the instant case.  As noted, FRCP 38(c) and (e)(1) grant the Court authority to stay fines and restitution while an appeal is pending.  Accordingly, because Beardslee has appealed this Court's § 2255 ruling, the Court possesses authority under Rule 38 and § 2255 Rule 12 to grant a stay while Beardslee's appeal is pending, as long as Rule 38 does not conflict with the § 2255 Rules or any applicable statutory provisions.

**1.   Possible Conflicts with Applicable Rules and Statutes**

No such conflicts exist.  First, there is no provision in the § 2255 Rules that relates to staying a sentence.  Accordingly, there is nothing in the § 2255 Rules which is inconsistent with the exercise of jurisdiction pursuant to FRCP 38.

Second, there are no conflicts with any statutory provisions relating to fines.  18 U.S.C. § 3572 enumerates several ways in which a fine may be revisited after it is imposed.  See 18 U.S.C. §§ 3572(c), (d)(3) (providing for the modification, remittance, correction, appeal, modification, and adjustment of fines under certain circumstances).  Because the factual circumstances of the instant case fall outside the scope of each basis for modification enumerated in § 3572, those provisions present no conflict. Moreover, none of the provisions contained in § 3572 expressly prohibit the imposition of a stay pursuant to FRCP 38.

5

Accordingly, the exercise of jurisdiction pursuant to Rule 38 is not inconsistent with any statutory provision.

Third, there are no conflicts with statutory provisions relating to restitution. 18 U.S.C. § 3664 enumerates several ways in which a sentence of restitution may be revisited after it is imposed. See 18 U.S.C. §§ 3664(o) (providing for the correction, appeal, modification, amendment, and adjustment of restitution judgments under certain circumstances). As with the statutes governing fines, the factual circumstances of the instant case fall outside the scope of the bases for modification enumerated in § 3664, so there is no conflict. In addition, there is no provision in § 3664 which expressly prohibits the exercise of jurisdiction under FRCP 38. As a result, the Court has jurisdiction to stay the restitution judgment pursuant to FRCP 38.

**C.  Merits of the Motion**

Having concluded the Court has jurisdiction, the Court turns to the merits of the motion. As noted above, pursuant to FRCP 38, the Court may issue a stay "on any terms considered appropriate." Fed. R. Crim. P. 38(c), (e)(1).

Beardslee has offered no compelling reason for this Court to impose a stay. Beardslee makes the conclusory assertion that a stay would be "in the interests of justice." Eyster Decl. ¶ 4. In addition, Beardslee suggests that "a favorable ruling from the Ninth Circuit will have the practical impact of requiring this debt

to be withdrawn." Id. Last, Beardslee suggests that the equities balance in her favor since the government waited until Beardslee filed an appeal to initiate debt collection proceedings. Id. ¶ 5.

Beardslee's arguments fail. The fact that the monetary penalties could be reversed on appeal is unpersuasive; if the judgment is reversed, Beardslee can move that the government return her money. In addition, any delay on the part of the government does not justify a stay, since Beardslee offers no evidence other than the timing of the TOP notice that her referral to the TOP was retaliatory. Last, Beardslee offers no evidence of economic hardship, changes in her financial circumstances, or any other reason why her victims and the government should be delayed in receiving compensation.

Accordingly, the Court sees no compelling reason to stay its order imposing monetary penalties. Beardslee is free, of course, to seek relief through an administrative appeal of the actions of the government in seeking to collect the monetary penalties imposed by this Court.

### III. CONCLUSION

Based on the foregoing, the Court hereby DENIES the motion.

IT IS SO ORDERED

Dated: September **19**, 2008

                                D. Lowell Jensen
                                United States District Judge