```
UNITED STATES OF AMERICA,        )
                                 )
              Plaintiff,         )
                                 )
         v.                      )
                                 )    No. CR-94-0186-DLJ
                                 )
                                 )
                                 )         ORDER
                                 )
FLORENCE MARTHA BEARDSLEE,       )
                                 )
              Defendant.         )
_____)
```

On November 3, 2008, defendant Florence Martha Beardslee ("Beardslee") filed a motion for reconsideration of the Court's order dated September 19, 2008, in which the Court denied Beardslee's motion for a stay of debt collection efforts by the United States. On November 13, 2008, the government filed an opposition. Having considered the papers submitted and the applicable law, the Court hereby DENIES the motion.

**I. BACKGROUND**

**A.   Factual Background and Procedural History**

On May 30, 2008, Beardslee filed a motion to stay debt collection efforts by the United States. On September 19, 2008, the Court denied Beardslee's motion. The Court noted that it had jurisdiction to stay Beardslee's monetary penalties "on any terms considered appropriate." See Fed. R. Crim. P. 38(c), (e)(1). The Court denied relief, however, in light of Beardslee's failure to identify any justification for a stay other than the following conclusory assertions: that (1) she anticipated success on appeal; (2) a stay was "in the interests of justice;" and (3) the

government's collection efforts were retaliatory against her.

On November 3, 2008, Beardslee filed the instant motion seeking reconsideration of the Court's September 19, 2008 order. In the present motion, Beardslee asks the Court to enjoin the government from offsetting Beardslee's Social Security payments on the following grounds: (1) Beardslee is likely to succeed in her appeal; and (2) Beardslee is debilitated from a recent surgery and will suffer hardship unless she receives her full Social Security payments.

**B.   Legal Standard**

Pursuant to Local Rule 7-9(a) of the Northern District of California, no party may make a motion for reconsideration without first obtaining leave of the Court to file the motion. Civ. L. R. 7-9(a). In seeking leave, the party must show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L. R. 7-9(b). No motion for leave may repeat any argument

which the party previously made in connection with the contested matter. Civ. L. R. 7-9(c).

## II. DISCUSSION

**A.   Failure to Request Leave to Move for Reconsideration**

Beardslee failed to seek leave to file her motion for reconsideration. This failure alone is sufficient for the Court to deny Beardslee's motion for reconsideration.

**B.   Merits of Beardslee's Motion**

Even if Beardslee had filed a request for leave, such a request would have lacked merit.

First, under Local Rule 7-9(b)(1), Beardslee has not cited any material difference in fact or law from what she previously presented to the Court. Although the instant motion identifies, for the first time, the specific types of financial hardship which would befall Beardslee if the Court declines to issue a stay, Beardslee has made no showing that she was unaware of these circumstances at the time of her previous motion. See Civ. L. R. 7-9(b)(1). Accordingly, Beardslee has not satisfied the requirements of Local Rule 7-9(b)(1).

Second, Beardslee has not satisfied the requirement of Local Rule 7-9(b)(2) that she clearly identify new material facts or a change in law which occurred after the Court issued its order. Beardslee has not identified any change in law whatsoever. As for changes in fact, Beardslee has identified one potentially relevant

development, her recent surgery. This surgery is not a factual change unless it took place after the Court's September 19 order. Beardslee has not established that this alleged factual change did not exist at the time of the last order.

Third, under Local Rule 7-9(b)(3), Beardslee has not demonstrated a manifest failure by the Court to consider material facts or dispositive legal arguments previously presented to the Court. In her earlier motion, Beardslee presented no material facts or any legal arguments. Accordingly, this basis for granting leave is unavailable to Beardslee.

### III. CONCLUSION

Based on the foregoing, the Court finds that Beardslee has not complied with the Local Rules and DENIES the motion.

IT IS SO ORDERED

Dated: December 22, 2008

D. Lowell Jensen
United States District Judge