**United States District Court**
For the Northern District of California

```
FLORENCE MARTHA BEARDSLEE,      )
                                )
                Petitioner,     )
                                )
        v.                      )
                                )    No. CR-94-0186-DLJ
                                )        C-01-0397-DLJ
                                )
                                )       ORDER
UNITED STATES OF AMERICA,       )
                                )
                Respondent.     )
_____ )
```

On October 30, 1996, a jury convicted Beardslee on counts of conspiracy to commit arson, arson of a structure used in interstate commerce, mail fraud, and use of fire to commit mail fraud. On January 24, 2001, Beardslee filed a petition for a writ of habeas corpus under 28 U.S.C. § 2255. On January 23, 2006, this Court denied the petition. On February 2, 2006, Beardslee appealed that decision. On March 21, 2010, the Ninth Circuit ruled on the appeal, denying it. During the pendency of these motions the Court had ordered that Beardslee be released from custody, due to Beardslee's extensive medical issues and the Bureau of Prisons stated inability to transport Beardslee to Court appearances.

In light of the Ninth Circuit's action denying Beardslee's Petition, the government has filed a Motion to Remand Defendant to Custody. In response to the government's motion, counsel for Beardslee has filed a motion which is entitled an Application for Resentencing. Counsel for Beardlsee requests that the Court consider modifying the original sentence. As part of this request,

counsel asks that the Court order a supplemental probation report. The Court denies this portion of the request.  As to the overall Motion for Resentencing, at this juncture the Court takes no position on the merits of the request.  However, in the interests of justice, the Court is willing to permit Beardslee to be heard on this matter, and for counsel to have a period of time to take the steps necessary to prepare adequately for the hearing.

I. BACKGROUND

On April 18, 1994, a grand jury indicted Beardslee on counts of conspiracy to commit arson, arson of a structure used in interstate commerce, and mail fraud.  On September 13, 1995, the government filed a superseding indictment charging Beardslee with an additional count of use of fire to commit mail fraud.

Petitioner's first jury trial ended in a mistrial.  She was then retried, and a jury convicted her of all counts on October 30, 1996.  The Court sentenced Beardslee to twenty-seven months incarceration, three years of supervised release, a $50,000 fine, and $237,367.33 in restitution.

Both Petitioner and the government appealed defendant's conviction to the Ninth Circuit on several grounds. The Ninth Circuit addressed the appeals on November 1, 1999.  See United States v. Beardslee, 197 F.3d 378 (9th Cir. 1999).  All of Petitioner's and the government's appeals were denied, with one exception.  The Circuit vacated and remanded for re-sentencing such

2

**United States District Court**
For the Northern District of California

that defendant's sentence for use of fire to commit a felony would run consecutively to the other sentences.

Petitioner filed an appeal with the United States Supreme Court, which was denied on June 29, 2000.  Petitioner's conviction was then final on direct review.  <u>See</u> <u>United States v. Judge</u>, 944 F.2d 523, 525 (9th Cir. 1991).

On November 28, 2000, the Court resentenced Beardslee as instructed to eighty-seven months imprisonment, three years of supervised release, a $50,000 fine, and $237,367.33 in restitution. Beardslee failed to timely appeal, the Ninth Circuit therefore denied her appeal on June 15, 2001 for lack of jurisdiction, and her judgment became final.

On January 24, 2001, Beardslee filed a petition for a writ of habeas corpus under 28 U.S.C. § 2255.  This petition raised claims of ineffective assistance of counsel at trial, lack of jurisdiction for failure to satisfy the interstate commerce requirement in the arson statute, erroneous jury instructions, and denial of due process because of alleged government misconduct at trial.

While her habeas petition was pending, Petitioner submitted a number of additional filings, alleging new claims.  A number of these documents were filed after the one-year statute of limitations for habeas corpus petitions expired.  <u>See</u> 28 U.S.C. § 2244(d)(1).  The Court found Petitioner's argument that those claims were timely in that they "relate back" to the original

petition to be without merit.

After the Marshal's service encountered substantial difficulties transporting Petitioner from the facility where she is housed in Carswell, Texas, for a hearing in June 2005, Petitioner filed a motion for bail to allow her to arrange her own transportation to the hearing.  The Court conducted a hearing on the bail motion on June 24, 2005.  The Court granted the motion and Petitioner was released on bail.

On January 23, 2006, this Court denied Beardslee's Habeas petition.  On February 2, 2006, Beardslee appealed that decision.  On March 21, 2010, the Ninth Circuit ruled on the appeal, denying it.

During the pendency of these motions the Court had ordered that Beardslee be released from custody, due to Beardslee's extensive medical issues and the Bureau of Prisons stated inability to transport Beardslee to Court appearances.

In light of the Ninth Circuit's action denying Beardslee's Petition, the government has filed a Motion to Remand Defendant to Custody. In response to the government's motion, counsel for Beardslee has filed a motion which is entitled an Application for Resentencing. Counsel for Beardlsee requests that the Court consider modifying the original sentence.

In the interests of justice, the Court permitted Beardslee to be heard on this matter, although in so ordering, the Court took no

United States District Court

For the Northern District of California

4

position on the merits of the application.  Counsel for Beardslee was also given an opportunity to file a supplemental memorandum, which he has done as of June 3, 2011.  The government filed its final response on June 24, 2011.  Now that the matter has been fully and finally briefed the Court finds the following.

II.  Discussion

  A.  Jurisdction

  Beardslee has argued throughout that this Court still has jurisdiction to re-sentence her.  Beardslee asserts that because she has consistently filed motions before this Court, that therefore the Court has never lost jurisdiction to modify her sentence.

  The Court finds that this argument is unavailing.  In 18 U.S.C. § 3582, the limited circumstances in which a court may modify a defendant's sentence after it has become final are set out. None of those circumstances is present in this case, and Beardslee fails to cite any authority that would allow the Court to resentence her once her conviction became final.

  Additionally, once the Ninth Circuit affirmed this Court's order denying Beardslee's motion for relief under 28 U.S.C. § 2255 and the time for filing a petition for certiorari from that decision expired, Beardslee had no proceeding pending before this Court.

  Beardslee also makes the argument that this Court has "the

United States District Court

For the Northern District of California

5

**United States District Court**
For the Northern District of California

power to vacate and resentence in any case where the grounds for the original sentence is [sic] in violation of the statutes, regulations, and the constitution." This argument fails for two reasons. First, Beardslee had her opportunity to raise these issues via an appeal of her sentence. Although Beardslee filed a notice of appeal from the Court's November 2000 judgment, that appeal was dismissed by the Court of Appeals for lack of prosecution. Additionally, the cases Beardslee rely on to show that her sentence could have been lower are cases which were decided after Beardslee was sentenced.

Beardsless argues that her sentence did not become final until after the Supreme Court decided <u>United States v. Booker</u>, 543 U.S. 220 (2005), and therefore she is entitled to the benefit of that decision. As noted above, Beardslee's conviction and sentence were final long before <u>Booker</u>. A conviction becomes final for purposes of applying newly announced rules of criminal procedure when "judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." <u>Griffith v. Kentucky</u>, 479 U.S. 314, 321 n.6 (1987). Beardslee's sentence therefore became final no later than 90 days after the date that the court of appeals dismissed her appeal in 2001; the finality of her sentence was unaffected by the pendency of her Section 2255 motion. <u>Booker</u> does not apply to cases on collateral review. <u>See</u>

6

United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005).

B.   Is Beardslee eligible for sentence reduction based on her medical condition?

Beardslee has also argued that she is too ill to return to prison. See e.g. Opp to Motion to remand at p.2.  ("Since she was last before the District Court, Beardslee has undergone back and neck surgery and hospitalization from other serious medical issues including her heart that severely limits her ability to deal with simple everyday functions.") and pages 5-6.  Beardslee asserts that the court should consider her medical condition in resentencing her; and (2) that in light of Beardslee's medical problems and other factors, the Court should "refer the matter to the Director of the Bureau of Prisons with a request for a determination as to whether or not to file a motion recommending a reduction in sentence for 'extraordinary and compelling reasons' pursuant to" 18 U.S.C. § 3582(c)(1)(A)(i).

As noted above, the Court has no jurisdiction to resentence Beardslee even to take into account her medical condition. Previously the government filed information from the Bureau of Prisons establishing that BOP could treat Beardslee's medical conditions if she returned to prison.

At a telephonic status conference on January 28, 2011, the Court directed Beardslee to submit information on her current medical condition for consideration by the BOP as to whether they

United States District Court

For the Northern District of California

could accommodate her medical needs.  On February 25, 2011,
Beardslee provided the Court with over a 1,000 pages of
documentation concerning her medical condition.  This material was
then reviewed by BOP medical personnel.  By letter of March 28,
2011, BOP informed the Court that it could accommodate Beardslee's
medical needs.

In April 2011, as noted above, the Court gave Beardslee a
final opportunity to respond.  Her final pleading presents no new
basis on which this Court could come to any conclusion other than
Beardslee must return to the custody of the BOP at this juncture to
serve the remainder of her sentence.  The Court hereby grants
Beardslee 90 days from the date of this Order to self-surrender to
the custody of the BOP.


IT IS SO ORDERED


Dated: August 18, 2011

D. Lowell Jensen
United States District Judge

8